Satwinder SINGH, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–70337.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 2, 2010.

Ben Loveman, Esquire, San Francisco, CA, for Petitioner.

Surell Brady, Esquire, Trial, OIL, Manuel A. Palau, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Satwinder Singh, a native and citizen of India, petitions for review of the Board of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") order denying his motion to reopen exclusion proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because the motion was filed more than two years after the BIA's May 4, 2005, order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to demonstrate materially changed circumstances in India to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty*, 381 F.3d at 945 ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

Singh's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.